ORIGINAL

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:16-CR-231

*FILED IN OPEN COURT*
*U.S.D.C. - Atlanta*
*SEP 02 2016*
*By: JAMES N. HATTEN, Clerk*
*Deputy Clerk*

The United States Attorney for the Northern District of Georgia ("the
Government") and Defendant James D. Fraley, III, enter into this plea agreement
as set forth below in Part IV pursuant to Rule 11 (c)(1)(B) of the Federal Rules of
Criminal Procedure. James D. Fraley, III, Defendant, having received a copy of
the above-numbered Information and having been arraigned, hereby pleads
GUILTY to the Information.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty
of the crime charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the
right to plead not guilty and the right to be tried by a jury. At a trial, the
Defendant would have the right to an attorney, and if the Defendant could not
afford an attorney, the Court would appoint one to represent the Defendant at
trial and at every stage of the proceedings. During the trial, the Defendant would
be presumed innocent and the Government would have the burden of proving
him guilty beyond a reasonable doubt. The Defendant would have the right to
confront and cross-examine the witnesses against him. If the Defendant wished,

he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

## III.   <u>ACKNOWLEDGMENT OF PENALTIES</u>

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to the sole charge in the Information**

      a.  Maximum term of imprisonment: 20 years.

      b.  Mandatory minimum term of imprisonment: None.

      c.  Term of supervised release: 0 year(s) to 3 years.

      d.  Maximum fine: $250,000.00, due and payable immediately.

      e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

      f.  Mandatory special assessment: $100.00, due and payable immediately.

      g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV.   PLEA AGREEMENT

9. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

10. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Sentencing Guidelines Recommendations

11. Based upon the evidence currently known to the Government, the Government agrees to recommend that:

a.  The applicable offense guideline is Section 2B1.1(a)(1), which results in a base offense level of 7.

b.  The amount of the loss resulting from the offense of conviction and all relevant conduct is more than $250,000 but less than $550,000, which results in a 12-level upward adjustment under Section 2B1.1(b)(1)(G).

c.  The offense involved sophisticated means, and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, which results in a 2-level upward adjustment under Section 2B1.1(b)(10)(C).

    d. The Section 3B1.3 enhancement for abuse of a position of trust or use of a special skill is not applicable.

**Acceptance of Responsibility**

12. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

13. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea

Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

14. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Cooperation

**General Requirements**

15. The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the

Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

a. producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

b. making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

c. responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses;

d. when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Section 1B1.8 Protection**

16. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, based on any information provided by the Defendant in connection with cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information Defendant has provided may be used against Defendant in such a prosecution. Furthermore, should the Defendant withdraw his guilty plea in this case and proceed to trial, the Government is free to use any statements and other information provided by the

Defendant, pursuant to the Defendant's cooperation, as well as any information derived therefrom, during any trial or other proceeding related to the Government's prosecution of the Defendant for the offense(s) charged in the above-numbered the Information.

**Conditional Section 5K/Rule 35 Motion**

17. The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Good faith efforts by the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The Defendant also understands that, should the Government decide to file a motion pursuant

to this paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, the Defendant should receive for Defendant's cooperation will be determined by the Court. If the Defendant fails to cooperate truthfully and completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

**Sentencing Recommendations**

**Judicial Economy**

18. Based on the factors set forth in 18 U.S.C. § 3553(a), the parties agree to recommend that the Defendant receive a one-level downward variance at sentencing. This variance is predicated on the Defendant's expeditiously entered plea of guilty and the resulting conservation of limited judicial and prosecutorial resources.

**Specific Sentence Recommendation**

19. The Government agrees to recommend that the Defendant be sentenced at the low end of the adjusted guideline range.

**Restitution**

20. The Defendant agrees to pay full restitution to the Clerk of Court for distribution to all victims of the offense to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The

Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

**Forfeiture**

21. The Defendant acknowledges that each asset listed below was purchased and maintained with proceeds of the mail and wire fraud conspiracy, the illegal activity to which the Defendant is pleading guilty, and that each asset listed below is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The Defendant agrees that he shall immediately forfeit to the United States any proceeds from the commission of the offense alleged in the Information, including, but not limited to, the following:

a.  Real Property known as 126 Artie Lane, Rossville, GA 30741, Parcel Tax Identification Number 0125-051, together with all appurtenances thereto, improvements thereon, furnishings and fixtures;

b.  Real Property known as 2271 Johnson Road, Chickamauga, GA 30707, Parcel Tax Identification Number 0-163-017A, together with all appurtenances thereto, improvements thereon, furnishings and fixtures;

c.  Real Property known as 640 Mission Ridge Road, Rossville, GA 30741, together with all appurtenances thereto, improvements thereon, furnishings and fixtures;

d.  Real Property located in Walker County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows: All that tract or parcel of land lying and being in Original Land Lot Nos. 136 and 137, in the 9th District and 4th Section of Walker County, Georgia, being known and designated as Lot No. 7, WARREN TERRACE SUBDIVISION, as shown on plat of said

subdivision of record in Plat Book 5, Page 75, in the Office of the Clerk of the Superior Court of Walker County, Georgia. Being the same property described in Deed Book 1735, Page 480, in the Office of the Clerk of the Superior Court of Walker County, Georgia;

e. Real Property located in Walker County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows:

TRACT I: ALL THAT TRACT OR PARCEL of land lying and being in Original Land Lot No. 246, in the 9th District and 4th Section of Walker County, Georgia, and being more particularly described as follows: BEGINNING at a point on the Old Road, which beginning point is 100 feet measured along the Old Road from the Northeast corner of the Mamie Buckland Tract; thence with and along the Old Road in a Northeasterly direction a distance of 100 feet; thence in a Southerly direction a distance of 105 feet to a point; thence in a Westerly direction a distance of 100 feet to the Southeast corner of other property deeded to Romaince Ellison and wife, Carrie Dozier Ellison, and Tony Higgin, as described in Deed Book 319, Page 46, in the Office of the Clerk of the Superior Court of Walker County, Georgia; thence with and along the East line of the aforementioned Ellison and Higgin property, in a Northerly direction, a distance of 105 feet to the POINT OF BEGINNING. And being a lot of land 100 feet wide by 105 feet deep fronting on the Old Road.

TRACT II: ALL THAT TRACT OR PARCEL of land lying and being in Original Land Lot No. 246, in the 9th District and 4th Section of Walker County, Georgia, and being more particularly described as follows: BEGINNING at a point on the Old Road, which beginning point is the Northeast corner of the Mamie Buckland tract; thence continuing with and along the Old Road as it meanders in a Northeasterly direction a distance of 100 feet to a point; thence in a Southerly direction and running parallel with the East line of the Buckland tract a distance of 105 feet to a point; thence in a Westerly direction a distance of 100 feet to the East line of the Buckland tract; thence with and along the West line of the Buckland tract in a Northerly direction a distance of 105 feet to the POINT OF BEGINNING. And being a lot of land 100 feet wide by 105 feet deep fronting on the Old Road.

Tracts I and II being further described as 0.48 acres in a Survey for David Clark prepared by Max Randal Compton (GRLS No. 2584) dated November 5, 2009 (Job No 9−140) and, according to said survey, being more particularly described as follows: BEGINNING at a point of the Southeastern right of way line of Lail Sawmill Road at a point which is a distance of 179.2 feet Northeast of the intersection of the Southeastern right of way line of Lail Sawmill Road and the Northern right of way line of GA Hwy. No. 341; thence along and with the Southeastern right of way line of Lail Sawmill Road, North 31 degrees 02 minutes 33 seconds East, a distance of 200 feet to a one inch pipe; thence leaving said right of way line, South 63 degrees 13 minutes 52 seconds East, a distance of 105 feet to a point; thence South 31 degrees 02 minutes 33 seconds West, a distance of 200 feet to a point; thence North 63 degrees 13 minutes 52 seconds West, a distance of 105 feet to a point on the Southeastern right of way line of Lail Sawmill Road, the POINT OF BEGINNING. A copy of said survey is attached as Exhibit "A" to that certain Quitclaim Deed Recorded in Deed Book recorded in Deed Book 1644, Page 414, in the Office of the Clerk of the Superior Court of Walker County, Georgia and is hereby incorporated herein by specific reference thereto. BEING the same real estate described in Deed Book 1644, Page 414, in the Office of the Clerk of Superior Court of Walker county, Georgia, Parcel Tax Identification Number 0-146 058;

f.  Real Property located in Chattanooga, Tennessee, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows: LOCATED IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE BEING the South one-half of Lot 28, BLOCK 16, D.F. SHAUF'S ADDITION, fronting 48 feet, more or less, on the West line of St. Elmo Avenue, and running between parallel lines, a distance of 175 feet to the East line of the Shauf Place. BEING the same real estate described Deed Book 3884, Page 579, in the Register's Office of Hamilton County, Tennessee, Parcel Tax Identification Number 167"O"-B-015.

22. The Defendant waives and abandons all right, title, and interest in the all of the property listed above (referred to hereafter, collectively, as the Subject Property) and agrees to the administrative or judicial forfeiture of the Subject

Property. In addition, the Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property.

23. The Defendant states that J's Services, Inc. (a Georgia corporation) is the titleholder of the Subject Property, that he and James. G. Maloney each own 50% of J's Services, Inc., that to the best of his knowledge no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. The Defendant, individually and as an officer of J's Services, Inc., agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Defendant's behalf, to a person designated by the United States. The Defendant agrees to take all steps necessary to ensure that the Subject Property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. The Defendant agrees, both in his personal capacity and as an owner and officer of J's Services, Inc., not to file any claim, answer, third party petition, or petition for remission or restitution in any administrative or judicial proceeding, including ancillary proceedings, pertaining to the Subject Property, and if such a document has already been filed, the Defendant hereby withdraws that filing.

24. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, Rule 41, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case, including the Subject Property, on any grounds.

25. The Defendant acknowledges that he is not entitled to use forfeited assets, including the Subject Property, to satisfy any fine, restitution, cost of imprisonment, tax obligations, or any other penalty the Court may impose upon him in addition to forfeiture. However, the United States Attorney's Office for the Northern District of Georgia will recommend to the Chief of the Asset Forfeiture and Money Laundering Section (AFMLS) of the United States Department of Justice that property forfeited in this case be used to compensate the victim(s) specified in the restitution order, provided that the Government determines that the requirements for restoration as set forth in AFMLS Forfeiture Policy Directive 02-1, Paragraph III.A., are met. The Defendant understands that

the decision on any petition for remission or restoration is not within the ultimate control of the United States Attorney's Office.

26. The Defendant consents to the Court's entry of a preliminary order of forfeiture against the Subject Property, which will be final as to him, a part of his sentence, and incorporated into the judgment against him.

## Financial Cooperation Provisions

**Special Assessment**

27. The Defendant agrees that he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, on the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorneys upon payment thereof.

**Fine/Restitution - Terms of Payment**

28. The Defendant agrees to pay any fine and restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and victim(s). The Defendant also agrees that the full fine and restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and restitution. The Defendant understands that this

Page **16** of **23**

payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and restitution, the Government is entitled to pursue other sources of recovery of the fine and restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

29. The Defendant agrees to cooperate fully in the investigation of the amount of restitution and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward restitution and fine; and the prompt payment of restitution or a fine.

30. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within 10 days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; and (D) fully and truthfully

answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

31. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial form described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from any interview, deposition, and financial form, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview, deposition, or financial form — whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner — the Government may use the Defendant's interview, deposition, and financial form, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview, deposition,

and financial form to respond to arguments made or issues raised *sua sponte* by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

32. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

33. To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. Claims that Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of

the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

34. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

35. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

This **2ⁿᵈ** day of **September**, 2016.

_____
Assistant U.S. Attorney
J. Russell Phillips

_____
Assistant U.S. Attorney
Stephen H. McClain

_____  6-29-16
Approving Official
Gentry Shelnutt

_____
Defendant
James D. Fraley, III

_____
Attorney for Defendant
Stuart M. Mones

Page **20** of 23

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____          _____9/2/16_____
SIGNATURE (Defendant)                     DATE
James D. Fraley, III

I am James D. Fraley, III's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____          9.2.16
SIGNATURE (Defense Attorney)              DATE
Stuart M. Mones
State Bar of Georgia No. _760737_

Stuart M. Mones, P.C.
Attorney at Law
146 Nassau Street
Atlanta, Georgia 30303
(404) 522-7402

Filed in Open Court

This ___ day of _____, 2016

                    By _____

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:16-CR-231 |
| DEFENDANT'S NAME: | JAMES D. FRALEY |
| PAY THIS AMOUNT: | $100 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must reach the clerk's office within 30 days of the entry of your guilty plea
3. Payment should be sent or hand delivered to:

   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive S.W.
   Atlanta, Georgia 30303

4. Include defendant's name on **certified check** or **money order. DO NOT SEND CASH.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.