IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JAMES D. FRALEY, III | CRIMINAL ACTION NUMBER<br>1:16-cr-231-RWS |

**Government's Motion for Downward Departure
Based on Defendant's Substantial Assistance to Authorities**

Pursuant to U.S.S.G. § 5K1.1, the United States hereby requests that the Court depart from the guidelines and reduce Defendant James D. Fraley, III's total offense level by three levels because he provided substantial assistance to the government in the investigation and prosecution of James G. Maloney, who was convicted of conspiracy to commit wire fraud and mail fraud under 18 U.S.C. § 1349, in Criminal Action Number 1:16-cr-237-RWS-JSA. In support of this Motion, the government shows the following:

On June 30, 2016, Defendant Fraley waived indictment, and the government filed a Criminal Information against him, alleging that he conspired with James G. Maloney and James J. Acree to commit wire fraud and mail fraud under 18 U.S.C. § 1349.

Defendant Fraley pleaded guilty to that charge on September 2, 2016. But his cooperation with law enforcement began much earlier.

As a result of Georgia Tech's internal investigation, Defendant Fraley sensed that his days at Tech were numbered, and he feared that Maloney would try to save his own skin and shift all of the blame to him. So Defendant Fraley resigned from Georgia Tech on October 24, 2013. The following week, Defendant Fraley's lawyer reached out to the government, and Defendant Fraley began cooperating with law enforcement.

The first of Defendant Fraley's meetings with the government took place on November 13, 2013. Maloney stayed at Georgia Tech until he was terminated on February 27, 2014.

The government's investigation lasted until Maloney was indicted on June 28, 2016. By that time, Defendant Fraley had been cooperating with law enforcement for over two-and-a-half years.

As part of his cooperation, Defendant Fraley participated in four pre-indictment proffer sessions in 2013 and 2014, as well as two pretrial interview sessions in May 2023, when it still appeared that Maloney was headed to trial. More than nine years elapsed between the first interview and the last interview.

Defendant Fraley was willing to testify against Maloney and would have testified against Maloney at trial if Maloney had not elected to plead guilty.

Defendant Fraley provided the FBI with vital records pertaining to the case, including audio recordings of a meeting that he had with Maloney and Acree on July 2, 2013, when they were all still employed by Georgia Tech. During that meeting, Maloney suggested that they get their "story straight" and that they try to shut down Georgia Tech's internal investigation. In the government's view, that was the most important piece of evidence in the case. Those recordings showed that Maloney's defense was meritless, not to mention disingenuous. Maloney pleaded guilty shortly after the Court denied his Motion in Limine to exclude those recordings.

From the outset, Defendant Fraley admitted his involvement in the conspiracy and explained the actions that he and his co-conspirators had taken to defraud the United States and Georgia Tech. The government believes that, in all of his proffer sessions and pretrial interviews, Defendant Fraley responded fully and truthfully to all inquiries of the government, without falsely implicating any person or intentionally withholding any information. The information that Defendant Fraley provided was corroborated by other witnesses and by the documents that the government uncovered in its investigation.

In sum, the United States believes that Defendant Fraley provided substantial assistance to prosecutors and agents in the Maloney case, and the

United States requests that the Court downwardly depart by three levels in sentencing Defendant Fraley.

In determining whether a defendant has provided "substantial assistance" in the investigation or prosecution of another person who has committed an offense, the Court may consider the factors set forth in U.S.S.G. § 5K1.1. *E.g., United States v. Jackson*, No. 1:14-CR-00339-WSD, 2017 WL 1018343, at *1 (N.D. Ga. Mar. 16, 2017). Those factors are as follows:
.
- (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

- (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

- (3) the nature and extent of the defendant's assistance;

- (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

- (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1; *see also id.* at (n.3) (" Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain.").

WHEREFORE, the United States respectfully requests that the Court grant its Motion for Downward Departure Based on Defendant's Substantial Assistance to Authorities.

Respectfully submitted,

Ryan K. Buchanan
*United States Attorney*

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar Number 576335

/s/ Stephen H. McClain
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

## CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000