IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NUMBER |
| v. | 1:16-cr-231-RWS |
| JAMES D. FRALEY, III | |

### CONSENT PRELIMINARY ORDER OF FORFEITURE

James D. Fraley, III, having pled guilty to the Information, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the Court having determined that the property described below is subject to forfeiture pursuant thereto, that the Government has established the requisite nexus between said property and the offense charged in the Information and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence and being included in the judgment against him;

IT IS HEREBY ORDERED that James D. Fraley, III, shall forfeit to the United States the following property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

   a. Real property known as 126 Artie Lane, Rossville, Georgia 30741, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as:

All that tract or parcel of land lying and being in Original Land Lot Number 186 in the 9th District and 4th Section of Walker County, State of Georgia, being known and designated as Lot Number Nine (9) of Rolling Green Ridge Subdivision, as shown by plat recorded in Plat Book 5, Page 16, in the Office of the Clerk of the Superior Court of Walker County, Georgia. Parcel Tax ID No.: 0125-051.

b. Real property known as 2271 Johnson Road, Chickamauga, Georgia 30707, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as:
All that tract or parcel of land lying and being in Land Lot 224 in the 9th District and 4th Section of Walker County, Georgia and being more particularly described as follows, to wit:

Begin at the point of intersection of the easterly right-of-way of Johnson Road and the southerly right-or-way of Vettetoe Road and from said point traveling southwesterly along and with the easterly right-of-way of Johnson Road a distance of 190.0 feet to a point, said point being designated as point of beginning; thence north 73 degrees 36 minutes 32 seconds east a distance of 209.96 feet to a point located on the easterly right-of-way of Johnson Road; thence north 21 degrees 58 minutes 00 seconds west along and with the easterly right-of-way of Johnson Road a distance of 125.0 feet to a point, said point being the point of beginning. Parcel Tax ID No.: 0-163-017A.

c. Real property known as 640 Mission Ridge Road, Rossville, Georgia 30741, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN ORIGINAL LAND LOT NO. 138 IN THE 9TH DISTRICT 4TH SECTION OF WALKER COUNTY, GEORGIA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EAST LINE OF MISSION RIDGE ROAD, A DISTANCE OF 235.71 FEET NORTH AS MEASURED ALONG THE EAST LINE OF MISSION RIDGE ROAD FROM ITS INTERSECTION

WITH THE NORTH LINE OF MEECHAM ROAD; THENCE NORTH 37 DEGREES 03 MINUTES 45 SECONDS EAST, ALONG THE EAST LINE OF MISSION RIDGE ROAD, A DISTANCE OF 205.4 FEET TO A POINT; THENCE SOUTH 17 DEGREES 19 MINUTES EAST, A DISTANCE OF 126.76 FEET TO A POINT; THENCE SOUTH 25 DEGREES 43 MINUTES WEST, A DISTANCE OF 111.39 FEET TO A POINT; THENCE NORTH 63 DEGREES 04 MINUTES WEST, A DISTANCE OF 126.9 FEET TO THE EAST LINE OF MISSION RIDGE ROAD, THE POINT OF BEGINNING.

d. Real property located in Walker County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows:

All that tract or parcel of land lying and being in Original Land Lot Nos. 136 and 137, in the 9th District and 4th Section of Walker County, Georgia, being known and designated as Lot No. 7, WARREN TERRACE SUBDIVISION, as shown on plat of said subdivision of record in Plat Book 5, Page 75, in the Office of the Clerk of the Superior Court of Walker County, Georgia. Being the same property described in Deed Book 1735, Page 480, in the Office of the Clerk of the Superior Court of Walker County, Georgia.

e. Real property located in Walker County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows:

TRACT I:
ALL THAT TRACT OR PARCEL of land lying and being in Original Land Lot No. 246, in the 9th District and 4th Section of Walker County, Georgia, and being more particularly described as follows: BEGINNING at a point on the Old Road, which beginning point is 100 feet measured along the Old Road from the Northeast corner of the Mamie Buckland Tract; thence with and along the Old Road in a Northeasterly direction a distance of 100 feet; thence in a Southerly direction a distance of 105 feet to a point; thence in a Westerly direction a distance of 100 feet to the Southeast corner of other property deeded to Romaince Ellison and wife, Carrie Dozier Ellison, and Tony Higgin, as described in Deed Book 319, Page 46, in the Office of

the Clerk of the Superior Court of Walker County, Georgia; thence with and along the East line of the aforementioned Ellison and Higgin property, in a Northerly direction, a distance of 105 feet to the POINT OF BEGINNING. And being a lot of land 100 feet wide by 105 feet deep fronting on the Old Road.

TRACT II:
ALL THAT TRACT OR PARCEL of land lying and being in Original Land Lot No. 246, in the 9th District and 4th Section of Walker County, Georgia, and being more particularly described as follows: BEGINNING at a point on the Old Road, which beginning point is the Northeast corner of the Mamie Buckland tract; thence continuing with and along the Old Road as it meanders in a Northeasterly direction a distance of 100 feet to a point; thence in a Southerly direction and running parallel with the East line of the Buckland tract a distance of 105 feet to a point; thence in a Westerly direction a distance of 100 feet to the East line of the Buckland tract; thence with and along the West line of the Buckland tract in a Northerly direction a distance of 105 feet to the POINT OF BEGINNING. And being a lot of land 100 feet wide by 105 feet deep fronting on the Old Road.

Tracts I and II being further described as 0.48 acres in a Survey for David Clark prepared by Max Randal Compton (GRLS No. 2584) dated November 5, 2009 (Job No 9—140) and, according to said survey, being more particularly described as follows:

BEGINNING at a point of the Southeastern right of way line of Lail Sawmill Road at a point which is a distance of 179.2 feet Northeast of the intersection of the Southeastern right of way line of Lail Sawmill Road and the Northern right of way line of GA Hwy. No. 341; thence along and with the Southeastern right of way line of Lail Sawmill Road, North 31 degrees 02 minutes 33 seconds East, a distance of 200 feet to a one inch pipe; thence leaving said right of way line, South 63 degrees 13 minutes 52 seconds East, a distance of 105 feet to a point; thence South 31 degrees 02 minutes 33 seconds West, a distance of 200 feet to a point; thence North 63 degrees 13 minutes 52 seconds West, a distance of 105 feet to a point on the Southeastern right of way line of Lail Sawmill Road, the POINT OF BEGINNING. A copy of said survey is attached as Exhibit "A" to that

certain Quitclaim Deed Recorded in Deed Book recorded in Deed Book 1644, Page 414, in the Office of the Clerk of the Superior Court of Walker County, Georgia and is hereby incorporated herein by specific reference thereto.

BEING the same real estate described in Deed Book 1644, Page 414, in the Office of the Clerk of Superior Court of Walker County, Georgia. Parcel Tax ID No.: 0-146 058.

f. Real property located in Chattanooga, Tennessee, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as:

LOCATED IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE

BEING the South one-half of Lot 28, BLOCK 16, D.F. SHAUF'S ADDITION, fronting 48 feet, more or less, on the West line of St. Elmo Avenue, and running between parallel lines, a distance of 175 feet to the East line of the Shauf Place.
BEING the same real estate described Deed Book 3884, Page 579, in the Register's Office of Hamilton County, Tennessee. Parcel Tax ID No.: 167" O"-B-015.

IT IS HEREBY ORDERED that upon entry of this Order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in

accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this 30th day of Oct., 2023.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

Presented by:

Kelly K. Connors
Kelly K. Connors
*Assistant United States Attorney*

Consented to:

Stuart M. Mones
*Attorney for Defendant*