

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,        :
                                 :     CRIMINAL ACTION
            v.                   :     NO: 1:16-CR-231-01
                                 :
JAMES D. FRALEY III,             :
                Defendant,       :
        and                      :
                                 :
WELLS FARGO BANK, NA.,           :
                Garnishee.       :

## WRIT OF GARNISHMENT

TO:   Wells Fargo Bank NA,
      c/o Corporation Service Company
      Attn: Garnishments
      40 Technology Parkway South, Suite 300
      Norcross, GA 30092

The United States has filed an Application for Writ of Garnishment against the property of Jeremy Graves, (hereafter referred to as "the judgment debtor" or the "Defendant") in accordance with 28 U.S.C. § 3205.

1.     A judgment has been entered against the judgment debtor in the amount of $476,579.95 plus interest at the rate of 5.350%, compounded annually with a balance of $232,760.40 as of March 21, 2024.

1

2.      **You are required by law to answer in writing, under oath, within ten (10) days,** whether or not you have in your custody, control or possession, any property owned by the Defendant, including any and all accounts with your institution which are held in Defendant's name or over which Defendant holds signature authority, including but not limited to checking accounts, savings accounts, retirement accounts (IRA and 401k), and any and all investment accounts, including but not limited to account number(s) (ending  in x1376, 7481, 5636, 5018, 2784 and 9545)

3.      **You are further required by law to answer in writing, under oath, within ten (10) days after receipt of the Writ,** providing the following information:  (1) whether you have  any property owned by or due to the judgment debtor, including funds, accounts, monies, stock, or earnings in your custody, control, or possession; (2) a description of the property and the value of the property; (3) a description of any previous garnishment to which such property is subject and the extent to which any remaining property is not exempt; and (4) the amount you are holding, owe, or anticipate owing to the judgment debtor.

4.      **You must, within ten (10) days of your receipt of this Writ, file the original written answer to this Writ with the Clerk of Court for the Northern District of Georgia at** 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303.  Additionally, you are required by law to serve a copy of your answer upon the judgment debtor, James D. Fraley III, and upon Ryan K. Buchanan, United States Attorney, Attn: Ninda Rosser, Financial Litigation Program, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA  30303.

5.      Under the law, there is property which may be exempt from garnishment.  Property which the court may rule exempt, upon issuance of the Disposition Order or an Agreed Garnishment, is listed on the attached Exemption Claim Form directed to the judgment debtor.

6.      If you fail to answer this Writ or withhold property in accordance with this Writ, the United States may petition the Court for an order requiring you to appear before the Court.

7.      If you fail to appear or do appear and fail to show good cause why you failed to comply with this Writ, the Court may enter a judgment against you for the value of the Judgment debtor's non-exempt property.  **It is unlawful to pay or deliver to the Judgment debtor any item attached by this Writ.**

8.     The Court may also award a reasonable attorney's fee to the United States of America and against you if the Writ is not answered within the time specified and if the United States files a petition requiring you to appear.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303, this _25th_ day of March 2024.

KEVIN P. WEIMER
CLERK, UNITED STATES DISTRICT COURT

BY: _____
Deputy Clerk

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:16-CR-231-01 |
| | : | |
| JAMES D. FRALEY III, | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| WELLS FARGO BANK, NA., | : | |
| Garnishee. | : | |

**CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT AND
INSTRUCTIONS TO DEFENDANT-JUDGMENT DEBTOR**

You are hereby notified that this Writ of Garnishment is being taken by the

United States of America which has a judgment in Criminal Action Number 1:16-

CR-231-01-JDG, United States District Court, Northern District of Georgia, in the

sum of $476,579.95.  As of March 21, 2024, a current balance of $232,760.40 remains

outstanding.

You are hereby notified that certain properties, to wit:  property in the

possession, custody or control of the garnishee including any and all funds,

accounts, monies, stock or earnings of the judgment debtor, including but not

1

limited to are being taken by the United States which has a court judgment in a criminal case, Criminal Action No. 1:16-CR-231-01, the United District Court, Northern District of Georgia, in the sum of $476,579.95. A judgment balance of $232,760.40 remains outstanding as of March 21, 2024.

In addition, you are hereby notified that there are exemptions under the law which may apply if you, the judgment debtor, can demonstrate to the Court that they apply. The attached Notice to Judgment Debtor Regarding Exemptions and Exemption Claim Form summarize the major exemptions.

You have a right to ask the Court to return your property to you if you think you do not owe the money, or that an exemption applies.

If you want a hearing, you must file your objection[s] within twenty (20) days of receipt of the Writ or within twenty (20) days of receipt of the answer of the garnishee. You must file your objection[s] with the Clerk of Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:16-CR-231-01. You must also send a copy of your objection[s] and Request for Hearing to Ryan K. Buchanan, United States Attorney, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303, Attn: Ninda Rosser, Financial Litigation Program.

If you wish, you may use the Request for Hearing Form and the Exemption Claim Form and follow the instructions contained in the Notice to Judgment Debtor Regarding Exemptions. The hearing will take place when scheduled by the Court in accordance with 28 U.S.C. § 3205(c)(5).

You should explain to the judge why you believe that the taken property is exempt or why you think you do not owe a debt to the United States; however, please note that the issues to be decided in this action will be limited: (1) to the validity of any claim for exemption; (2) to compliance with any statutory requirements for the issuance of the Writ; and (3) only if the judgment is by default and only to the extent that the Constitution or any other law of the United States provides a right to review, to: (a) the probable validity of the claim for the judgment debt; and (b) the existence of good cause for setting aside such judgment. The burden is on you to prove the grounds in support of your objection[s] and right to a hearing.

If you live outside the federal judicial district from which the Writ issued, you may request, not later than twenty (20) days after you receive this notice, that this proceeding be transferred by the Court to the federal judicial district in which you reside. You must make your request in writing and deliver it to the Clerk of

3

the Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted

Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:23-CR-

159-01-3. You must also send a copy of your request to Ryan K. Buchanan, United

States Attorney, Attn: Ninda Rosser, Financial Litigation Program, 600 U.S.

Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

Be sure to keep a copy of this packet for your own records.  If you have any

questions about your rights or about this procedure, you should contact a lawyer

or an office of public legal assistance.  The Clerk is not permitted to give legal

advice but may be able to refer you to other sources of information.

Date: 3/25/24

> KEVIN P. WEIMER
> CLERK OF COURT
> NORTHERN DISTRICT OF GEORGIA
>
> By
> DEPUTY CLERK

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:16-CR-231-01 |
| | : | |
| JAMES D. FRALEY III, | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| WELLS FARGO BANK NA., | : | |
| Garnishee. | : | |

### REQUEST FOR HEARING

☐ I hereby request a court hearing.  Notice of the hearing should be mailed to me at the following address:_____

_____

_____.

My claim for exemption, objection and/or other reason[s] for seeking a hearing are the following:_____

_____

_____.

Date:_____

_____
Signature of Judgment Debtor/Defendant

_____
Print Name

_____
Address

_____
Telephone No.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:16-CR-231-01 |
| | : | |
| JAMES D. FRALEY III, | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| WELLS FARGO BANK, NA., | : | |
| Garnishee. | : | |

## NOTICE TO JUDGMENT DEBTOR
## REGARDING EXEMPTIONS

The attached pre-judgment or post-judgment process has been issued at the request of the United States Attorney.

The law provides that certain property is exempt and cannot be taken. Such property is said to be "exempted". This Notice lists the applicable exemptions. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (1) fill out the Request for Hearing Form; (2) complete the Exemption Claim Form; and (3) deliver the forms to the Clerk of the United States District Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference

1

Criminal Action No. 1:16-CR-231-01 and to Ryan K. Buchanan, United States Attorney, Attn: Ninda Rosser, Financial Litigation Program, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

If you request a hearing, you should come to court ready to explain why your property is exempt, and you should bring any documents which may help you prove your case.  If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

It may be helpful to you to seek the advice of an attorney in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:16-CR-231-01 |
| | : | |
| JAMES D. FRALEY III, | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| WELLS FARGO BANK, NA., | : | |
| Garnishee. | : | |

TO:   Wells Fargo Bank, NA.
c/o Corporation Service Company
Attn: Garnishments
40 Technology Parkway South, Suite 300
Norcross, GA. 30092

## INSTRUCTIONS TO THE GARNISHEE

**PLEASE READ THESE INSTRUCTIONS CAREFULLY.  THIS
GARNISHMENT IS ISSUED PURSUANT TO FEDERAL LAW AND
MAY BE DIFFERENT FROM STATE GARNISHMENTS.**

Attached is a Writ of Garnishment instructing you to provide the following

information, in writing, under oath, within ten (10) days of receipt of the Writ:

(1)    Whether you have in your have in your custody, control or

possession, any property owned by the Defendant, including any and all accounts

1

with your institution which are held in Defendant's name or over which Defendant holds signature authority, including but not limited to checking accounts, savings accounts, retirement accounts (IRA and 401k), and any and all investment accounts, including but not limited to account numbers (ending 6223).

(2)     You are further required to withhold and retain any property in which the Defendant has a substantial non-exempt interest.  A list of exemptions which are not subject to the Writ of Garnishment, entitled "Claim for Exemption Form," is attached to the Writ.

(3)     A description of any previous garnishment to which such property is subject and the extent to which of any property is not exempt.

You are required by law to file an Answer to the Writ within ten (10) days of your receipt of the Writ with the Clerk of the United States District Court for the Northern District of Georgia at 2211 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and reference Criminal Action No. 1:16-CR-231-01.  You may complete the attached form entitled "ANSWER OF THE GARNISHEE FORM" and use it as your written answer to the Writ.

You must also serve a copy of the answer on the Defendant, and on Ryan K. Buchanan, United States Attorney, Attn: Ninda Rosser, Financial Litigation Program, 600 United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

IF YOU FAIL TO ANSWER THIS WRIT OR TO WITHHOLD PROPERTY IN ACCORDANCE WITH THE WRIT, THE COURT MAY MAKE YOU LIABLE FOR THAT AMOUNT OF THE DEFENDANT'S NON-EXEMPT PROPERTY WHICH YOU FAILED TO WITHHOLD.  ADDITIONALLY, YOU MAY BE HELD LIABLE FOR A REASONABLE ATTORNEY'S FEE TO THE UNITED STATES AMERICA IF THE UNITED STATES FILES A PETITION TO THE COURT REQUESTING AN EXPLANATION FOR YOUR FAILURE TO COMPLY WITH THIS WRIT.

If you have any additional questions, please call Vivieon K. Jones, Assistant U.S. Attorney at (404) 581-6350.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,   :
                          :     CRIMINAL ACTION
         v.               :     NO: 1:16-CR-231-01
                          :
JAMES D. FRALEY III,          :
            Defendant,    :
       and              :
                          :
WELLS FARGO BANK NA.,     :
         Garnishee.     :

## ANSWER OF THE GARNISHEE

I, _____ (Declarant), as the _____ (Title

of Declarant) of Garnishee, _____ (Garnishee's official

name).

**BEING DULY SWORN DEPOSE AND SAY:**

     1.    Choose one as applicable:

☐ **GARNISHEE IS AN INDIVIDUAL**

Garnishee is or was doing business in name of _____

_____. The Garnishee is or was doing business under a DBA and the name

of DBA is_____. The official address where mail should be sent

is:_____.

4

☐ **GARNISHEE IS A PARTNERSHIP OR TRUST:**

The names of the partners in the partnership, or members of the trust are

_____. Declarant is the _____

(Title) of a partnership or trust known as _____ which

is registered in the State of _____. The official title of the person

completing this Answer is _____. The mailing address for the

person    or    authorized    agent    for    this    partnership    or    trust

is:_____.

☐ **GARNISHEE IS A GOVERNMENTAL ENTITY.**

The    official    title    of    the    Declarant    completing    this    answer    is

_____ (title of declarant). The Garnishee is an

_____(Agency, Department, etc.) of the _____

(official name of government entity) with a principal office located at

_____.

☐ **GARNISHEE IS A CORPORATION.**

1.    Declarant is the _____ (title of declarant) of

the _____ (corporation name), which is organized under the

laws of the State of _____.

5

2.      The Garnishee may be contacted through the following individual, at the following telephone number(s), and with the following identifying information:

_____

_____

_____

3.      On the _____ day of _____, 2024, Garnishee was served with the Writ of Garnishment.

4.      Garnishee has custody, control or possession of the following property owned by the Defendant, including the following checking accounts, savings accounts, retirement accounts (IRA and 401k), and/or investment accounts, any safety deposit boxes which are held in Defendant's name or over which Defendant holds signature authority:

4a.     Description of Property Interest: _____

4b.     Approximate Value: _____

4c.     Estimation of Defendant's Interest in Property:

_____

6

5.      Garnishee has custody, control or possession of the following other property or funds (non-earnings), in which the Defendant maintains an interest, as described below:

        5a.     Description of Property Interest: _____

        5b.     Approximate Value: _____

        5c.     Estimation of Defendant's Interest in Property:

_____

(Complete items 6-7 below if applicable)

6.      Garnishee makes the following objections, defenses, or set-offs to the United States' right to the Defendant's property:

_____

_____

7.      Garnishee was not and is not indebted or under liability to the Defendant, and Garnishee did not or does not have possession or control of any property belonging to the Defendant, or in which the Defendant has an interest; and is not liable as Garnishee in the action for the following reason(s):

_____

_____

The Garnishee delivered or mailed an Answer by first class mail to the Clerk of the United States District Court for the Northern District of Georgia, 2211 U.S.

7

Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 and referenced Criminal Action No.1:16-CR-231-01.   The Garnishee delivered or mailed a <u>copy</u> of the Answer by first-class mail to the Defendant.  The Garnishee delivered or mailed a <u>copy</u> of the Answer by first class mail to Ryan K. Buchanan, United States Attorney, Attn: Ninda Rosser, Financial Litigation Program, 600 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA  30303.

Dated this _____ day of _____, 2024.

_____
Representative of Garnishee

_____
Printed Name

_____
Title

_____
Address of Garnishee

_____
Telephone Number of Garnishee

Subscribed to and sworn before me this

_____ day of  _____, 20_____.

Notary Public (Seal)

My Commission expires:

## GARNISHMENT COMPUTATION INSTRUCTIONS

This wage garnishment directs the withholding of up to 25 percent of the Defendant's disposable income.  In certain cases, however federal law does not permit the withholding of that much of the debtor's disposable income.  Please refer to 15 U.S.C. § 1671 et seq.

**I.**     **Limitations on the amount that can be withheld**

A.      If Defendant's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($7.25 per hour), or $217.50, no deduction can be made under this wage garnishment.

B.      If deductions are being made from a debtor's gross income under any order for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed 25 percent of the Defendant's disposable earnings, no deductions can be made under this wage garnishment.

C.      If deductions are being made from a debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than 25 percent of the Defendant's disposable earnings, deductions may be made under the wage garnishment. However, the amount arrived at by adding the deductions made under this execution to the deductions made under any orders for alimony, support or

1

maintenance of family members or former spouses cannot exceed 25 percent of the Defendant's disposable earnings.

NOTE:  Nothing in this wage garnishment limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

## II. Explanation of Limitations -Definitions

**Disposable Earnings** - Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, savings accounts, etc.)

**Gross Income** - Gross income is salary, earnings, wages or other income including any and all overtime earnings, commissions and income trusts, before any deductions are made from such income.

## ATTACHMENT TO ANSWER OF GARNISHEE

The Original Answer (and checks or money order **upon entry of the Court's**

**Final Disposition Order**) must be mailed to:

Clerk of the United States District Court
2211 U.S. Courthouse,
75 Ted Turner Drive,
Atlanta, Georgia 30303

A copy of the Answer must also be delivered to:

United States Attorney's Office
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Attn: Ninda Rosser, Financial Litigation Program

A copy of the Answer must be sent to the Defendant:

## CLAIM FOR EXEMPTION FORM
## EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____    1.  Wearing apparel and schoolbooks.--Such items of wearing apparel and such schoolbooks as are necessary for the debtor or for members of his family.

_____    2. Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$11,390** in value.

_____    3. Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$5,700** in value.

_____    4.  Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____    5. Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

4

_____ 6. Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562), and annuities based on retired, or retainer pay under Chapter 73 of Title 10 of United States Code.

_____ 7. Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____ 8. Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____ 9. Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under-(A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such Title 38.

_____ 10. Assistance under Job Training Partnership Act.
--Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. § 1501 et seq.) from funds appropriated pursuant to such Act.

_____          11.  Minimum exemptions for wages, salary and other income. The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases.  The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.  The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

I affirm under penalty of perjury that the statements made in this claim of exemptions and request for hearing are true and correct.

_____ I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
Address                                                      Phone No.

_____
Debtor's printed or typed name

_____
Signature of Debtor              Date